UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

HARRY ROBINSON and HAROLD ROBINSON,

    Petitioners,

v.                                        Case No. 15-C-0408

DAVID CLARKE, J.B. VAN HOLLEN,
and CAROLINA STARK,

    Respondents.

**SCREENING ORDER**

On April 7, 2015, Petitioner Harry Robinson, who is currently confined at Racine Correctional Institution, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on behalf of himself and his twin brother Harold Robinson, who is currently confined at the Milwaukee County House of Corrections. Harry asserts several grounds for relief, but some basic facts are not immediately clear from the petition. Upon review of the exhibits attached to the petition and Wisconsin's Circuit Court Access website, it appears Harry was charged in March 2014 in a five-count complaint for distribution of heroin and is currently awaiting trial in Respondent Milwaukee County Circuit Court Judge Carolina Stark's court (Milw. Co. case no. 14-CF-1137). Harold was charged in November 2014 with armed robbery with use of force and is currently awaiting trial in another branch of the Milwaukee County Circuit Court (case no. 14-CF-5282).

Typically, a state prisoner will file a habeas corpus petition under § 2254 challenging his conviction and sentence. Here, however, Petitioners are not "in custody pursuant to the judgment

of a State court" as required by that provision. Nevertheless, Petitioners are in custody and they do claim their pre-trial detainment violates the Constitution. Therefore, in theory, this court has the power to grant a writ of habeas corpus under the general habeas statute, 28 U.S.C. § 2241. *See Neville v. Cavanaugh*, 611 F.2d 673, 675 (7th Cir. 1979) ("Although habeas corpus is generally a post-conviction remedy, the federal courts in certain instances have jurisdiction under [§ 2241(c)(3)] to grant writs of habeas corpus prior to trial to individuals in state custody." (citing *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973))).

"Despite the existence of jurisdiction, however, federal courts are reluctant to grant pre-trial habeas relief." *Id.* As one district court has summarized:

> A prisoner held under state authority is not generally discharged by a federal writ of habeas corpus in advance of any proceedings or trial in the courts of the state to test the validity of his arrest and detention. Federal courts should abstain from the exercise of Section 2241 habeas jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner. Abstention from the exercise of habeas jurisdiction is justified under the doctrine of comity, and the practice of exhaustion of state remedies has developed to protect the state courts' opportunity to confront initially and resolve constitutional issues arising within their jurisdictions and to limit federal judicial interference in state adjudicatory processes.

*Humphrey v. Plummer*, 840 F. Supp. 2d 1040, 1042–43 (S.D. Ohio 2011) (internal citations and quotations omitted); *see also Neville*, 611 F.2d at 675 ("Despite the existence of jurisdiction, however, federal courts are reluctant to grant pre-trial habeas relief. In the interests of comity between federal and state courts, the doctrine of exhaustion of state remedies has developed. It applies to pre-trial, as well as post-trial, habeas corpus petitions.").

Here, the petition will be dismissed because Petitioners have not exhausted state remedies.[1] None of Petitioners' claims relate to the two traditional areas where federal courts have been more willing to intervene pre-trial. *See Humphrey*, 840 F. Supp. 2d at 1043 (recognizing exceptions for claims that a state prosecution will violate the Double Jeopardy Clause and in certain cases involving speedy trial claims, where intervention would not "disrupt[] the orderly functioning of a state's judicial processes as opposed to enforc[e] [the defendant's] right to have the state bring him promptly to trial").

Instead, most of the claims in the petition (to the extent they are based on facts, rather than mere legal conclusions, many of which are legally incorrect), relate to the validity of the Petitioners' arrest. Petitioners challenge a search warrant state actors executed and assert that Harry was "beat and tortured" by investigators to elicit a confession. They further assert that investigators improperly tried to turn Harold, Harry's twin "with a documented very low IQ," against Harry, and when Harold refused to cooperate, he was charged with a "fabricated charge." Petitioners also claim they are "actually innocent" based on "concrete evidence" including mistaken identity ("state actors . . . had no idea which twin was which"), evidence of an alibi, and evidence bearing on the credibility of a potential government witness. (ECF No. 1 at 8.) Petitioners go on to lodge accusations against the presiding judge in Harry's criminal case, Judge Stark, one of the respondents, including that Judge Stark held a "secret meeting with the prosecution and public defender and has done so in complete absence and without consent of Harry Robinson." (*Id.* at 9.)

---

[1] Although this is not a § 2254 case, the rules governing those cases, including screening the petition under Rule 4, can be applied to any habeas corpus case. *See* Rules Governing § 2254 Cases, Rule 1(b).

Because all of these issues can be raised in the state court, intervention at this point by a federal court would be premature. *See Humphrey*, 840 F. Supp. 2d at 1043; *United States ex rel. Bryant v. Shapp*, 423 F. Supp. 471, 474 (D. Del. 1976) ("[W]hile it is true that federal courts have the power to grant 'pre-trial' habeas corpus relief, it is equally true that there are countervailing considerations fundamental to our federal system which require a petitioner's claims of unconstitutional custody to first be tested by the state courts where all pertinent testimony will be readily available and where suitable relief, if any is necessary, may be fashioned." (quotations omitted)).

It should also be noted that Harry does not have authority to file a petition on behalf of his brother, since he is not an attorney. Additionally, because the two brothers are held by different custodians in different locations and on different grounds unique to each, they may not be joined in a single petition. In other words, once he has exhausted his state court remedies, Harry can file a petition for habeas relief on his own behalf, but Harold will have to file a separate petition on his own, unless he is represented by counsel.

At this time, however, because the petitioners have not exhausted their state court remedies, the petition for habeas corpus is dismissed without prejudice as premature. A certificate of appealability will not issue under 28 U.S.C. § 2253(c)(2).

SO ORDERED this  14th  day of April, 2015.

                          s/ William C. Griesbach
                          William C. Griesbach, Chief Judge
                          United States District Court